UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2012 NOV -7 A 10:55
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

RAASHON JACKSON,

    Plaintiff,

V.

JAMES E. DZURENDA, et al.,

    Defendants.

PRISONER
CASE NO. 3:11-CV-1668(RNC)

## INITIAL REVIEW ORDER

Plaintiff, incarcerated at Northern Correctional Institution ("Northern"), has filed a complaint *pro se* under 42 U.S.C. § 1983, against Deputy Commissioner of Corrections James E. Dzurenda, Director of Population and Management Lynn Millings, District Administrator Michael P. Lajoie, Lieutenant Pensavalle and Correctional Officers Davis, Velasquez and Doe. Pursuant to 28 U.S.C. § 1915, the Court must review the complaint and dismiss any part of it that fails to state a claim upon which relief may be granted. A prisoner's complaint under § 1983 adequately alleges a claim on which relief may be granted if the allegations, accepted as true, allow the court to draw a reasonable inference that the defendant is liable for violating the prisoner's constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### Plaintiff's Allegations

The complaint alleges the following. On July 7, 2011, Officer Davis issued a disciplinary report to the plaintiff falsely accusing him of assaulting her. On the same date,

Officer Davis punched the plaintiff in the chest, knocking the wind out of him and causing him pain, and denied him medical and mental health treatment.  The next day, July 8, 2011, Deputy Commissioner Dzurenda and Director Millings transferred the plaintiff to Northern without holding a hearing.  Correctional Officer John Doe discarded some of the plaintiff's personal property while packing the plaintiff's things in connection with the transfer to Northern.  Officer Doe discarded the items in retaliation for the plaintiff's assault on Officer Davis.  On July 20, 2011, Officer Velasquez issued a disciplinary report to the plaintiff falsely accusing him of being a gang member. Defendants Dzurenda and Millings approved the plaintiff's placement in administrative segregation at Northern due to his receipt of the false disciplinary reports.  Hearings were held on the disciplinary charges contained in the reports and the plaintiff participated in the hearings.  Lieutenant Pensavalle, acting as the hearing officer, found the plaintiff guilty based on the false statements of defendants Davis and Velasquez. District Administrator Lajoie upheld the guilty findings on appeal.

Discussion

Deprivation of Property and Retaliation Claims

The plaintiff claims that Officer Doe deprived him of his property without due process of law in violation of the

2

Fourteenth Amendment. A due process claim is not available to an inmate whose property is taken or destroyed by a prison guard if the state provides an adequate remedy for the deprivation of property. *See Hudson v. Palmer*, 468 U.S. 517, 531-34 (1984). The State of Connecticut provides such a remedy. *See* Conn. Gen. Stat. § 4-141 *et seq.* (claims for payment or refund of money by the state may be presented to the Office of the Claims Commissioner). The deprivation of property claim against Officer Doe is therefore dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

    The plaintiff claims that Officer Doe discarded the plaintiff's property in retaliation for the plaintiff's assault on Officer Davis. To state a claim for retaliation, the plaintiff must allege that he engaged in speech or conduct protected by the First Amendment, the defendant took adverse action against him, and there was a causal connection between the protected speech or conduct and the adverse action. *See Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009). The plaintiff has not alleged that he engaged in speech or conduct protected by the First Amendment before Officer Doe discarded the property. And he affirmatively alleges that Officer Doe discarded the property in retaliation for the plaintiff's alleged assault on Officer Davis. An inmate's assault on an officer plainly does not constitute protected activity. Accordingly, the retaliation claim is dismissed. *See* 28 U.S.C. § 1915A(b)(1).

False Accusation Claims

The plaintiff claims that Officers Davis and Velasquez violated his constitutional rights by issuing disciplinary reports falsely accusing him of assault and gang membership. An inmate has no general constitutional right to be free from being falsely accused of misconduct in a disciplinary report. *See Boddie v. Schneider*, 105 F.3d 857, 862 (2d Cir. 1997); *Jones v. Coughlin*, 45 F.3d 677, 679 (2d Cir. 1995); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). An inmate's protection against false accusations lies in the procedural due process requirements to be applied by prison officials who conduct the disciplinary hearing. *See Grillo v. Coughlin*, 31 F.3d 53, 56 (2d Cir. 1994)(fair hearing conforming to due process standards will cure constitutional violation otherwise resulting from false accusation). These requirements, established in *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974), entitle the inmate to "advance written notice of the charges; a fair and impartial hearing officer; a reasonable opportunity to call witnesses and present documentary evidence; and a written statement of the disposition, including supporting facts and the reasons for the action taken." *Luna v. Pico*, 356 F.3d 481 (2d Cir. 2004).

The complaint asserts that the plaintiff did not receive due process with regard to the false accusations against him. However, the complaint does not allege facts supporting a plausible claim that he was denied any of the procedural

4

protections required by *Wolff*. Accordingly, the claims against Officers Davis and Velasquez based on their filing of false disciplinary reports are dismissed without prejudice.

Transfer to Northern

The plaintiff claims that he was transferred to Northern by defendants Millings and Dzurenda without a prior hearing in violation due process. As a general rule, inmates have no constitutional right to be housed in or remain at any particular correctional facility. *See Olim v. Wakinekona*, 461 U.S. 238, 248 (1983) ("[P]rison transfer . . . does not deprive an inmate of any liberty interest."); *Matiyn v. Henderson*, 841 F.2d 31, 34 (2d Cir. 1988)(generally, a prisoner is not entitled to a hearing or any other safeguards before being transferred from one prison to another); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (transfer among correctional facilities, without more, does not violate inmate's constitutional rights, even when conditions in one prison are "more disagreeable" or the prison has "more severe rules"). To state a due process claim based on the transfer to Northern, the plaintiff must allege that a state regulation guaranteed him a hearing prior to the transfer, and that the transfer subjected him to atypical and significant hardship compared to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 479-84 (1995). The complaint does not contain these allegations. The due process claim against defendants Millings and Dzurenda based on the transfer is

therefore dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

### Placement in Administrative Segregation

The plaintiff claims that defendants Dzurenda and Millings approved of his placement in administrative segregation at Northern in violation of his right to due process. To state a due process claim based on the placement in administrative segregation at Northern, plaintiff must allege that a state regulation guaranteed that he would not be placed in administrative segregation without certain procedures, that the requisite procedures were not followed, and that the placement resulted in atypical and significant hardship. *See Sandin*, 515 U.S. at 479-84. The complaint does not include these allegations. The due process claim against defendants Dzurenda and Millings based on the placement in administrative segregation is accordingly dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

### Excessive Force Claim

The court concludes that the allegations of the complaint, accepted as true and liberally construed, could conceivably support plausible claims against Officer Davis for excessive force and deliberate indifference to a serious medical need in violation of the Eighth Amendment.

Accordingly, it is hereby ordered:

(1) The claims against Officer John Doe are dismissed

pursuant to 28 U.S.C. § 1915A(b)(1).

(2) The claims against defendants Davis, Velasquez, Pensavalle, Lajoie, Millings and Dzurenda are dismissed without prejudice based on the deficiencies discussed above. If the plaintiff wishes to replead some or all of these claims in an attempt to overcome the deficiencies identified by the court, he may do so by filing an amended complaint within thirty days of the date of this order. Any amended complaint should also include the claims against Officer Davis for excessive force and deliberate indifference to a serious medical need.

(3) If the plaintiff does not file an amended complaint within thirty days, the case will proceed only with regard to the claims of excessive force and deliberate indifference to a serious medical need against Officer Davis in her individual and official capacities.

(4) The Pro Se Prisoner Litigation Office shall send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit and a copy of the Order to the plaintiff.

So ordered this 6th day of November, 2012.

/s/
Robert N. Chatigny
United States District Judge